UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTWAN JOVAN JACKSON,

    Plaintiff,

v.                                                      Case No. 5:25cv353-MW-HTC

NWFRC,

    Defendant.

_____/

REPORT AND RECOMMENDATION

Plaintiff Antwan Jackson has filed an amended civil rights complaint under 42 U.S.C. § 1983, complaining about the conduct of prison officials at Northwest Florida Reception Center ("NWFRC"). Doc. 9. After reviewing the amended complaint, the undersigned concludes this case should be DISMISSED without prejudice under 28 U.S.C. § 1915A, as it is apparent from the face of the complaint that Jackson's claims are unexhausted.

**I.    Background**

Jackson commenced this action by filing a handwritten complaint alleging that on December 2 and 3 of 2025, he was denied food, denied medical and mental health treatment, and housed in a cell covered in feces. Doc. 1. On December 16, the Court ordered Jackson to, within twenty-one days: (1) file an amended complaint

on the Court's complaint form; and (2) either file a complete application to proceed *in forma pauperis* or pay the $405 filing fee.  Doc. 3.

In the December 16 Order, the Court also observed that Jackson's allegations concerned events that occurred on December 2 and 3, and he submitted his complaint to prison officials for mailing on December 5.[1]  Considering Jackson filed this case only a couple of days after he was allegedly mistreated, the Court: (1) noted it was unlikely Jackson had fully exhausted his administrative remedies regarding his allegations; and (2) advised Jackson to file a notice of voluntary dismissal if he had not exhausted his administrative remedies, as his claims would be subject to dismissal under 42 U.S.C. § 1997e(a).  Doc. 3 at 2-3.  Because a plaintiff does not need to allege exhaustion in the complaint, the Court cautioned Jackson against proceeding with this action but, nonetheless, allowed him an opportunity to file an amended complaint.

Jackson subsequently filed a "motion to stay proceeding" (Doc. 4); the Court denied that motion but extended the deadline for Jackson to comply with the December 16 Order to January 20, 2026 (Doc. 5).  Jackson then filed a motion requesting a 60-day extension of the January 20 deadline.  Doc. 6.  He asked for the

---

[1] Under the prison mailbox rule, a document submitted by a *pro se* prisoner is deemed filed on the date it is delivered to prison officials for mailing.  *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988).

Case No. 5:25cv353-MW-HTC

extension because, among other things, he was "in the process of exhausting his administrative remedies." *Id.*

Because Jackson admitted he did not exhaust his administrative remedies before filing his initial complaint, the Court denied his motion for extension of time as futile on January 20 and, instead, gave him fourteen (14) days to either: (1) file a notice of voluntary dismissal; or (2) show cause why this case should not be dismissed for failure to exhaust *and* comply with the Court's December 16 Order. *See* Doc. 7 (advising Jackson that he "cannot cure his failure to exhaust in this case by attempting to exhaust his administrative remedies *after* he filed his December 5 complaint and then amending the complaint"). On February 4, Jackson filed an amended complaint (Doc. 9) and an application to proceed *in forma pauperis* (Doc. 10). As set forth below, the amended complaint makes clear Jackson failed to exhaust his administrative remedies prior to filing this action.

## II. Discussion

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his available administrative remedies before filing suit. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions … by a prisoner … until such administrative remedies as are available are exhausted."). Thus, before filing this case, Jackson was required to comply with the FDOC's procedures for filing grievances regarding his claims, as well as pursue any available appeals of the denial

of those grievances. *See Abram v. Leu*, 848 F. App'x 868, 869 (11th Cir. 2021) ("[A] prisoner must complete the administrative process in accordance with the applicable grievance procedures set by the prison."); *see also Arias v. Perez*, 758 F. App'x 878, 881 (11th Cir. 2019) ("A prisoner must exhaust each claim that he seeks to present in court.").

In his amended complaint, Jackson alleges he exhausted his administrative remedies, and he attached a grievance he filed with the Secretary of the Florida Department of Corrections to show he exhausted those remedies. *See* Doc. 9-1 at 3 ("The Plaintiff has exhausted his administrative remedies see Pg - 27."). That grievance complains about the same issues raised in this action, but it is dated December 8, 2025. Doc. 9-1 at 15-18. Because it was filed after Jackson brought this action on December 5, it does not satisfy the exhaustion requirement.[2] *See Okpala v. Drew*, 248 F. App'x 72, 73 n.2 (11th Cir. 2007) (noting "[i]t is well-settled that the PLRA requires prisoners to exhaust administrative remedies *before* filing suit with respect to prison conditions"); *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) ("The plain language of the [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal court.") (citation omitted).

---

[2] Jackson did not submit the Secretary's response to the grievance, but nothing in the response could alter the conclusion that Jackson did not complete, much less begin, the grievance process until after he filed this case.

Case No. 5:25cv353-MW-HTC

Thus, Jackson's amended complaint demonstrates he failed to exhaust his administrative remedies before filing his initial complaint. And Jackson's December 8 grievance, and his filing of the amended complaint, cannot cure that failure to exhaust. *See Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (The prisoner's "attempt to amend or supplement his original complaint did not change the important historical fact: his administrative remedies were unexhausted when he filed his original complaint. Therefore, he cannot cure the exhaustion defect."). Because Jackson's failure to exhaust is apparent from the face of the amended complaint, this case should be dismissed without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[3] *See Wells v. Brown*, 58 F.4th 1347, 1350 (11th Cir. 2023) (holding a dismissal for failure to exhaust amounts to a dismissal for failure to state a claim when the failure to exhaust appears on the face of the prisoner's complaint)[4]; *Okpala*, 248 F. App'x at 73 (affirming sua sponte dismissal for failure to exhaust administrative remedies when the failure was clear from the face of the complaint).

---

[3] Because Jackson is a prisoner seeking relief from government employees, the Court must dismiss his amended complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

[4] In *Wells*, the Eleventh Circuit noted the "face" of the complaint includes "the complaint in its entirety" and "documents incorporated into the complaint by reference," such as the grievance Jackson attached to the amended complaint. *See Wells*, 58 F.4th at 1357 n.2; *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

2. That the clerk close the file.

At Pensacola, Florida, this 13th day of February, 2026.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1.